IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RMT, INC.,                                                                                           ORDER

                    Plaintiff,                                                              11-cv-676-bbc

     v.

CABLE SYSTEM INSTALLATION
LIMITED LIABILITY COMPANY and
CABLE SYSTEM INSTALLATIONS CORP.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary and injunctive relief, plaintiff RMT, Inc. brings claims for breach of contract against defendants Cable System Installation Limited Liability Company and Cable System Installations Corp. Plaintiff alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are completely diverse and the matter in controversy exceeds $75,000. However, this court has an independent obligation to insure that diversity jurisdiction exists. Arbaugh v. Y & H Corporation, 546 U.S. 500, 501 (2006); Tylka v. Gerber Products Company, 211 F.3d 445, 447-48 (7th Cir. 2000) (federal courts are "always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction"). My review of plaintiff's complaint indicates that plaintiff has not made an adequate allegation of diversity under § 1332.

1

Although plaintiff has provided adequate allegations regarding its own citizenship and that of defendant Cable System Installations Corp., plaintiff has not identified the citizenship of defendant Cable System Installation Limited Liability Company. The citizenship of a limited liability company is determined by the citizenship of its members. Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"); Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir. 2006). The amended complaint states only that Cable System Installation Limited Liability Company is organized under the laws of New Jersey and has a principal place of business in New Jersey. Plaintiff has not identified the members of the company or the citizenship of those members.

Although I suspect that plaintiff will be able to establish diversity of the parties, it would be a waste of limited judicial resources to proceed further in a case in which jurisdiction may not be present. Plaintiff may have until October 17, 2011 in which to produce facts verifying the diversity of citizenship between plaintiff and defendant. Plaintiff is reminded that, to the extent any member of the limited liability company is an individual person, it is the citizenship, not the residency, of individual persons that matters for diversity jurisdiction purposes. An individual is a citizen of the state in which he is domiciled, that is, where he has a permanent home and principal establishment, and where he or she intends

to live for the foreseeable future. <u>Dakuras v. Edwards</u>, 312 F.3d 256, 258 (7th Cir. 2002).

ORDER

IT IS ORDERED that plaintiff RMT, Inc. may have until October 17, 2011 to provide this court with verification of the citizenship of Cable System Installation Limited Liability Company. Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction.

Entered this 11th day of October, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge